## 21430.   BATTLE *v.* KENT.

DECIDED DECEMBER 17, 1931.

*E. P. & J. Cecil Davis,* for plaintiff.

*E. B. Rogers, B. F. Walker,* for defendant.

JENKINS, P. J.   This was a suit in trover for the recovery of certain filling-station equipment which the plaintiff claimed he

had loaned to the defendant to be used by him during the time that defendant purchased gasoline from plaintiff. The defendant pleaded that he had purchased the equipment under an agreement whereby the oil company for which the plaintiff was distributor would turn over to the plaintiff, in payment on the equipment, the rebates coming to the defendant on the purchase of gasoline for a period of twelve months. The defendant testified to this contract, and swore that after the expiration of the twelve months he saw the plaintiff, who admitted that the rebates had been paid over to him, and who stated to the defendant that the equipment had been paid for and belonged to the defendant. The jury found in favor of the defendant. Exception is taken to the overruling of the plaintiff's motion for a new trial.

The evidence, though in conflict, authorized the verdict in favor of the defendant, and this court is therefore without power to set it aside on the general grounds of the motion for a new trial.

Exception is taken to the charge of the court as follows: "On the other hand, if you should believe the contentions of the defendant in reference thereto after applying the rules of law as given you thereto in charge, and should further believe that Mr. Kent has paid Mr. Battle the value of this property, why then, in that event, I charge you that it would be your duty to return a verdict in favor of the defendant, and in that event the form of your verdict would be: 'We, the jury, find in favor of the defendant.'" This charge is assigned as error on the ground that it is not adjusted to the defense as pleaded and proved by the defendant, in that the defendant contended that he was to have the equipment in return for allowing the plaintiff to retain the gasoline rebates for a period of twelve months, irrespective of any question as to the greater or less value of the equipment involved. While the expression objected to may not have been altogether precise, it could not have been misleading to the jury or harmful to the rights of the plaintiff, since the value of the equipment, at last, so far as the parties to the contract are concerned, was the agreed purchase-price thereof.

*Judgment affirmed. Stephens and Bell, JJ., concur.*